UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SHERRY SUESANN SMITH,

                  Plaintiff,

        - against -

SOCIAL SECURITY CARD CENTER;
SOCIAL SECURITY ADMINISTRATION;
SUPERVISOR, SOCIAL SECURITY CARD
OFFICE; SECURITY GUARD,

                  Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-1461 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On March 14, 2022, Plaintiff Sherry Suesann Smith, filed this *pro se* action against the Social Security Administration ("SSA") and its divisions and agents. (Complaint ("Compl."), Dkt. ECF[1] 1.) The Court grants Plaintiff's request to proceed *in forma pauperis*. (Dkt. 2.) For the reasons below, the Complaint is dismissed, and Plaintiff may file an amended complaint within thirty (30) days of this Order.

## BACKGROUND

Plaintiff alleges that she has been banned from entering the SSA office at 154 Pierrepont Street in Brooklyn, New York, and that she was denied a Social Security card. (Compl., Dkt. 1, at ECF 5.) Plaintiff attached a letter from the SSA, dated February 23, 2022, informing her that the SSA was "unable to process . . . a replacement Social Security card [because Plaintiff had] exceeded the maximum lifetime limits" of "ten (10) Social Security cards." (*Id.* at ECF 8.) The SSA letter also informed Plaintiff that, for the SSA "to process [] a replacement card" for her, she

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

needed "to provide the agency with a letter from a third-party provider." (*Id.*) Finally, the letter informed Plaintiff that she may seek review of the SSA's decision by contacting the Social Security Card Center or her local Social Security office. (*Id.*) Plaintiff does not allege that she sought such review. She alleges only that "the Social Security office gave away ten Social Sercurity [sic] card[s] to people [she does not] know making it hard for [her] to get a card." (*Id.* at ECF 5.) She seeks $75,000 in damages.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021) (citation omitted). Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

## DISCUSSION

### I. The Complaint Seeks Relief from Immune Entities and Fails to State a Claim

Plaintiff's Complaint seeking monetary damages cannot proceed against Defendants. First, Plaintiff's claims cannot proceed against the SSA itself. "Sovereign immunity shields the United States from suit absent a consent to be sued that is unequivocally expressed." *United States v.*

2

*Bormes*, 568 U.S. 6, 9 (2012) (quotations omitted); *accord Cangemi v. United States*, 13 F.4th 115, 129 (2d Cir. 2021) ("Absent an unequivocally expressed statutory waiver, the United States is immune from suit based on the principle of sovereign immunity." (brackets and ellipses omitted)). Sovereign immunity applies to "the Federal Government and its agencies," including the SSA. *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 70 (2d Cir. 2016). Thus, Plaintiff's claims against the SSA must be dismissed.

Second, Plaintiff's claims cannot proceed against the individual administrators. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017). But "federal courts have been reluctant to recognize such implied relief," and the Supreme Court has held that "the wrongful denial of Social Security disability benefits, allegedly resulting from due process violations by program administrators, [does] not give rise to a *Bivens* action for money damages against those administrators." *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671, 674 (2d Cir. 2013) (describing *Schweiker v. Chilicky*, 487 U.S. 412 (1988)).

In any event, Plaintiff does not adequately allege an underlying constitutional violation. To the extent the Complaint could be construed as a due process claim, the SSA offered Plaintiff a review process, which she does not allege she attempted to follow. (Compl., Dkt. 1, at ECF 8.) The Complaint therefore fails to state a claim. *See Shibeshi v. City of New York*, No. 11-CV-4449 (LAP), 2011 WL 13176091, at *2 (S.D.N.Y. Sept. 21, 2011) ("Plaintiff does not allege facts demonstrating that the remedies under New York law are in any way inadequate. Furthermore, Plaintiff has failed to allege facts demonstrating that he has availed himself of any of these

remedies. He cannot claim that he was denied due process if he never availed himself of such remedies."), *aff'd*, 475 F. App'x 807 (2d Cir. 2012).

## II.     Leave to Amend

Given Plaintiff's *pro se* status, the Court will allow Plaintiff to file an amended complaint. *See* Fed R. Civ. P. 15(a); *see, e.g.*, *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated."). If Plaintiff chooses to file an amended complaint, she must do so within thirty (30) days of this Order. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. Plaintiff is advised that the amended complaint completely replaces the original complaint; therefore, all claims Plaintiff wishes to pursue must be in the amended complaint.

## CONCLUSION

For the reasons set forth above, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). **Plaintiff may file an amended complaint within thirty (30) days of this Order.** If Plaintiff does not file an amended complaint by that deadline, this case will be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 23, 2022
      Brooklyn, New York

4